FILED & JUDGMENT ENTERED
David E. Weich

Jan 20 2010

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

_____
George R. Hodges
United States Bankruptcy Judge

914.0000717

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

IN RE

Charles Dean McNeilly, Jr. and
Dana Cribb McNeilly,

           Debtors.

) Case No. 08-31662
)
) Chapter 13
)
)
)

## ORDER

THIS CAUSE, coming on for consideration before the undersigned United States Bankruptcy Judge for the Western District of North Carolina, upon the Motion for Adequate Protection and to Modify Stay and Notice of Motion filed herein by U.S. Bank, N.A. (hereinafter "Movant"), as required by the Bankruptcy Rules. A hearing was held on January 12, 2010.

Based on the record herein, the Court makes the following **FINDINGS OF FACT:**

1. On April 29, 2005, Debtors executed and delivered to Harwood-Russell Mortgage, Inc. a certain Note in the original sum of $165,000.00 and Debtors executed and delivered to Harwood-Russell Mortgage, Inc. a certain Deed of Trust, thereby granting Harwood-Russell Mortgage, Inc. a lien or encumbrance in the real property as described therein and known as 5022 Dallas-High Shoals Hwy, Dallas, NC 28034 (hereinafter "real property"). On April 29, 2005, the foregoing Deed of Trust was properly filed with the Register of Deeds in Gaston County, North Carolina. Movant is the current owner and holder of the Note and Deed of Trust.

2. On or about October 29, 2008, the Debtors filed a petition under Chapter 13 of the United States Bankruptcy Code. The Debtors have defaulted under the payment of provisions of the foregoing Note, Deed of Trust and Chapter 13 bankruptcy plan, as confirmed. After applying all funds received through January 12, 2010, the Debtors are due for the November 2009 through January 2010 post-petition monthly payments and late charges to Movant in the total sum of $2,380.40 plus attorneys' fees and expenses in the sum of $600.00. This amount due includes credit for the application of $1,251.16 by personal check from the Debtor, numbered 9188, which will be applied towards the October 2009 payment.

Based on the foregoing **FINDINGS OF FACT**, the Court makes the following **CONCLUSIONS OF LAW:**

1. That this Court has jurisdiction over the parties and subject matter in this case. Movant has a duly perfected lien or encumbrance on the real property described in the foregoing Deed of Trust. Entry of this Order is appropriate due to the Debtors' default in making the required post-petition payments and entitles Movant to relief from the automatic stay, without further action, notice, or hearing by this Court, should the Debtors breach the terms and conditions set forth herein.

NOW, THEREFORE, IT HEREWITH IS ORDERED, ADJUDGED AND DECREED as follows:

1. That the Debtors are ordered to pay directly to Movant the sum of $1,210.52 on or before January 31, 2010. That the Debtors are ordered to pay directly to Movant the regular monthly mortgage payment due for February 2010 and, commencing with March 2010 through August 2010, the Debtors are ordered to pay directly to Movant the regular monthly payment plus an additional payment in the sum of $194.98, with the additional payment to be applied to the post-petition arrearage. From September 2010 through January 2011, Debtors are ordered to pay directly to Movant the regular monthly mortgage payment. The current monthly mortgage payment is $1,210.52 which is subject to change. All payments due herein, including the sum of $1,251.16, check numbered 9188, must be paid to Movant in a "timely manner", which is defined as a payment which must be received and paid within fifteen (15) days of the due date, along with a late charge if accrued;

2. That the attorneys' fees incurred by Movant in this matter in the sum of $600.00 is allowed as an additional secured claim, and that the Trustee is permitted to modify the Plan accordingly;

3. That, in the event the Debtors fail to make any of the above referenced required payments in a "timely manner", Movant is required to forward a fifteen (15) day notice of default to the Debtors' Attorney and the Debtors, and upon failure by the Debtors to cure such default within time given, the automatic stay provisions of 11 U.S.C. § 362 are modified or terminated so that Movant and any Trustee or Substitute Trustee may foreclose on and sell the real property as shown herein and otherwise enforce its rights in the real property as permitted by North Carolina law and the Deed of Trust. Movant shall have a period of 180 days to file a deficiency claim should the automatic stay terminate.

This Order has been signed
electronically. The Judge's
signature and Court's Seal
appear at the top of the Order                          United States Bankruptcy Court